while walking along the street, tripped on a flagstone, and sustained injuries for which he sought to recover. It appeared that the defendant was engaged in laying a gas pipe across the sidewalk in Court street, in the city of Brooklyn, connecting its gas main in that street with the premises on the corner; that it had obtained the consent of the city authorities to remove the flagstone from the sidewalk, and it caused a flagstone next to the building to be removed and placed upon an adjoining flagstone upon the walk; that the space between the two openings was about five feet; that while the walk was in this condition the plaintiff fell upon it, sustaining the injuries to recover for which the action was brought. The accident happened about a quarter before 11 o'clock in the forenoon. The plaintiff testified that her eyesight was very good, and that she did not notice the flagstone or the excavation beside it as she went near the place where she fell; that she was looking along the street as she walked. In holding that the plaintiff was guilty of contributory negligence the court said: "It is the well-settled law of this state that in actions of this character the absence of negligence on the part of the plaintiff contributing to the injury must be affirmatively shown by the plaintiff, and that no presumption of freedom from such negligence arises from the mere happening of an injury. * * * If this law is to be recognized and followed, we are unable to see how this judgment can be sustained, for to hold otherwise would practically overrule and annul the rule of contributory negligence. As we have seen, it was a bright day, and about 11 o'clock in the forenoon. The obstacle over which the plaintiff fell was a large flagstone over four feet in length and three in breadth. There was nothing to obscure her vision. Her eyesight was good, and she could see as she was walking along the walk. It is not pretended that anything occurred that momentarily obstructed her vision, and it is difficult to conceive how she could have avoided seeing the obstacle, unless she was heedlessly proceeding in utter disregard of the precautions usually taken by careful and prudent people. * * * The presumption which a wayfarer may indulge that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious." I do not find that this case has been questioned or in any way overruled. The same principle was applied in Strutt v. Brooklyn & R. B. R. Co., 18 App. Div. 134, 45 N. Y. Supp. 728, and in Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273, 55 Am. Rep. 804, where the court say: "It may also be remarked that the evidence of the plaintiff tended strictly to show that he was chargeable with negligence which contributed to the injury. There was abundant room for him to pass by the stepping stone without running against it. A very small portion of the end of the stone upon which he fell obstructed the sidewalk, and being well acquainted with the locality, had he been careful in exercising his faculties, he could have avoided the accident. In not doing so he was clearly negligent." It is not claimed here that any other person in the street obstructed the plaintiff's view. His testimony is that, seeing persons approaching, he turned to the right towards the curb, and thus brought himself in proximity with this alleged obstruction, which was a foot or a foot and a half from the curb. I can see no distinction between this case and the Whalen Case, which seems to impose upon a person some care when walking along a sidewalk to look out for obstructions; and, in the absence of some evidence to show that an effort, at least, was made to see the obstruction, and when, if such effort had been made, the obstruction would have been apparent and could have been avoided, a verdict that a person injured was free from contributory negligence cannot be sustained. It follows that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN, J., concurs.

BUCKLEY, Appellant, v. ELSTROTH et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 15, 1907.) Action by Lena C. Buckley against Frank W. Elstroth, individually and as administrator, etc., and others. No opinion. Motion denied, without prejudice to a renewal if the appeal is not perfected and the case placed on the next calendar of this court for argument.

BUFFALO FOUNDRY CO., Respondent, v. WOLFE, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 30, 1907.) Action by the Buffalo Foundry Company against Frank Wolfe, as, etc. No opinion. Order affirmed, with $10 costs and disbursements.

In re BUFFALO, L. & R. Ry. Co. (Supreme Court, Appellate Division, Fourth Department. January 30, 1907.) In the matter of the application of the Buffalo, Lockport & Rochester Railway Company. No opinion. Motion denied, with $10 costs.

BUFFALO, L. & R. Ry. Co., Appellant, v. ERNEST et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 9, 1907.) Action by the Buffalo, Lockport & Rochester Railway Company against Mary E. Ernest and another. No opinion. Decision of motion to dismiss appeal reserved until hearing of appeal from the order of confirmation.

BULL v. FINN. (Supreme Court, Appellate Division, First Department. January 29, 1907.) Action by Elizabeth A. Bull against William E. Finn. No opinion. Motion denied, with $10 costs. Order filed.

BURKE, Appellant, v. O'BRIEN et al., Respondents. (Supreme Court, Appellate Division, Second Department. January 25, 1907.) Action by Charles P. Burke against Patrick O'Brien, individually and as executor, etc., and others. No opinion. Motion denied, and stay vacated.

BURNETT, Respondent, v. BOARD OF EDUCATION OF CITY OF NEW YORK, Ap-